Okay, Venetia Condominium Association v. Westchester Surplus Lines Insurance, Mr. Copley, hopefully. Good morning, Your Honors, and may it please the Court. My name is William Copley, and I am here on behalf of the Plaintiff Appellants in this matter, Venetia Condominium Association. Your Honors, this case involves the interpretation of Florida Statute Section 627.70152, which imposed a new notice procedure on property insurance claims in Florida. The statute says that it applies to, quote, all suits filed after its effective date. It requires policyholders to file a notice at least 10 business days before filing suit, and it tolls the statute of limitations during that time. My client complied, and it relied on the legislature's promise of tolling. The district court, however, held that the statute did not apply to my client's case because my client's insurance policy was issued prior to the statute's effective date, and it dismissed my client's claim with prejudice. This Court should reverse for two main reasons. First, the district court should have applied the statute as written. And second, it alternatively erred by not applying equitable tolling, given my client's reasonable reliance on the legislature's promise of tolling. But let me start by explaining why the district court should have applied the statute as written. This is a case where the legislature has expressed a clear intent on how the statute applies. The statute's language is unambiguous. It states the statute applies to, quote, all suits regarding property insurance filed after the effective date. Since the district court's opinion, three intermediate appellate courts have ruled on this issue, the 4th DCA in Cole, the 6th DCA in Hughes, and the 3rd DCA in Cantons. The majority, Cole and Cantons, found that the statute's language is unambiguous and expresses a clear legislative intent to apply in cases like this one. No one, not Westchester and not the district court below, has offered an alternative interpretation of the statute's plain language. Instead, Westchester tries to manufacture an ambiguity by pointing out that the legislature didn't use the word retroactive or retroactivity in the statute. But that is just semantics. The rule is when the language of legislation is clear. The courts don't look beyond that for intent or apply other principles of statutory construction. Indeed, the Supreme Court of Florida in Metropolitan Dade County v. Chase Federal held that an plain language for legislative intent. But that what really matters is whether or not the legislature spoke clearly about how the statute should apply. And in this case, it did. In fact, if you look at Menendez, Menendez, there's no mention of a retroactivity expression in that statute. And yet it based it on, the provision itself said, as a condition to filing, quote, any action for an overdue claim. Well, any action is similar to all suits. When legislatures use all-encompassing language, courts give statutes all-encompassing effect. Westchester also misplaces reliance on Florida Insurance Guarantee Association v. Devon, which it cites for the proposition that when the legislature puts an effective date in a statute, that tends to cut against retroactive intent. However, that presupposes that giving effect to the effective date is somehow inconsistent with applying the statute in the case at hand. Both Devon and Metro-Dade said what really matters is, did the legislature speak clearly about how the statute applies? And in this case, our interpretation is based on the combination of the all-suits language and the effective date. Additionally, Your Honors, this plain language interpretation is supported by legislative history. The district court erred by writing into the statute a policy issue and state trigger that the legislature considered and rejected. The House bill for this provision actually contained a policy issue and trigger date, and that was rejected in bill reconciliation. Westchester's only response is to label this legislative history scanty. But the Supreme Court of the United States in INS v. Cardoza v. Fonseca held that honoring a legislator's rejection of one provision in favor of another during bill reconciliation is one of the most compelling principles of statutory construction there is. Now, additionally, Your Honor, because this statute has a plain language, the court should do so. In the retroactivity context, that means that a statute violates constitutional principles only when it impairs vested rights by attaching new legal consequences to past events. So courts in this context ask whether the statute is substantive, meaning does it impact substantive rights, or is it procedural? Does it just change the method for enforcing those rights? And in this case, the notice and tolling provision is procedural. It does not change any term in the policy, and it does not alter when, whether, or how much the insurer pays. Now, Westchester tries to draw an analogy between this case and Menendez, and specifically between the change in the statute there, which did two things. One, it elongated the time that an insurer has to pay under the terms of the motor vehicle policy under the no-fault regime. So it gets a claim, and it extended that time from 30 days to 60 days. It also changed the penalties that were imposed upon the insurer. Now, Westchester cites this language from Menendez that the amendment, quote, delayed an insurer's right to institute a cause of action. But if you look at page 879 of the Menendez opinion, it makes clear that it was talking about the change to the policy term that extended the time to pay from 30 to 60 days. It was the extension. It was the delay of the accrual of the right to sue, substantively, that it was talking about in that sentence. Additionally, I'd point out, Your Honors, that a significant difference between the notice and tolling provision there and here is that that provision expressly incorporated into it the extension of the insurer's time to pay. It says, no notice shall be issued until the additional time that the amendment created had expired. So there, the provisions were inextricably linked. The notice provision was inextricably linked with the substantive change to the policy terms. Fundamentally, under Florida law, changing the terms of a policy to give a party more time to complete an obligation is fundamentally different than tolling a statute of limitations because under black letter law in Florida, until a cause of action is time barred, the legislature has, quote, absolute power to amend the statute and alter the period of limitations. Now, Westchester, because it can't make the case that the notice and tolling procedure is substantive, it tries to argue that other provisions in the statute are substantive. But that argument fails as well for three reasons. First, as Cole and Cantons both recognized, these other provisions are procedural as well. They don't create any new substantive rights. They simply change the procedure or specify a procedure for complying with them. But secondly and importantly, Cole, Cantons, and the concurrence in Hughes all agree that the court's analysis should be limited to the provisions that apply in the case at hand. And that's because this is an as-applied challenge, that the statute as written can't apply to this case because of a constitutional problem. The fact that other provisions, based on other facts, would preclude the statute from applying as written in other cases is irrelevant to this court's analysis. Can we certify this question to the Supreme Court of Florida? So my answer to that is that I think that this court can reverse without doing so. But if it was inclined to potentially affirm, then that might be necessary. And I realize it's a convenient answer, but let me explain why it's also the right one. And the reason why it's the right one is, A, we're just asking for the court to apply the plain language of the statute, which we think it can do without further guidance. And two, we're asking it to go with the majority position of the intermediate courts of appeals. The third reason is because even if the court was uncertain on how the statute applies, we believe that it would be appropriate for the court to moot that issue and say, even if it doesn't apply to this case, that the court erred in not applying equitable tolling. So regardless, this claim should have gone forward. Your Honor, and let me turn to equitable tolling just briefly with the... Before you do that, let me just ask you, the Sixth District Court of Appeal in its decision in Hughes certified that there was a conflict among the Florida DCAs, arguing that the Supreme Court should exercise its discretion to hear the issue. Should we await the outcome of that petition before deciding this case? Again, I don't think the court needs to, because all we're asking it to do is to apply the plain language of the statute as written. And I don't think it needs guidance from the Supreme Court of Florida. And I think it could look at Cole and Cantons and say, Cole and Cantons have the right of this, and that it doesn't need that guidance. But again, I would also say, you know, this court could also just decide on equitable tolling grounds and leave the statutory question to the Florida Supreme Court. If we go to the equitable tolling question, it's clear in Florida, equitable tolling is an extraordinary remedy. Among other things, you have to show that you acted with due diligence. You would agree with that as a general principle, I take it? Correct. What is there in this record to suggest that you acted with due diligence? Your Honor, I would point the court to page 179 of the appendix, the declaration of Melissa Heidelberg. And that lays out what happened in this case. What happened in this case is that my client submitted a claim. The insurance company initially gave an initial denial. My client then asked it to reconsider and submitted a bunch of additional materials. After that, Westchester submitted eight, I believe seven or eight different sets of document requests to my client, including all the way up to and on the day that we filed notice in this claim. My client kept trying to get them to issue a final determination, and they kept refusing to do so. So that was part of the delay. The other response to that, Your Honor, is a legal argument. And the legal argument is this. The tolling provision in this case only applies in the last 10 days of the statute of limitations. To hold that it's not reasonable to wait that long is to hold that it is never reasonable to rely on the promise that the legislature made. And I would also point the court to, you know, we started our briefing in this case with the quote from Bostock v. Clayton County, which I think, which we did for a reason, because it speaks directly to what happened in the case. It says, people are entitled to rely on the laws written without fearing that courts might disregard its plain terms based on some extra-textual consideration. This court cannot both affirm the district court and uphold that ruling, because that ruling says it is inherently reasonable to rely on a promise from the legislature. Doesn't that argument rely on, at least in some sense, on your argument that the language is clear? In other words, if you're wrong that the language is clear about all suits, then it wasn't reasonable to rely on it. Well, Your Honor, I don't know that that's necessarily true, right? Because what you're dealing with, again, is an extraterritorial, the only way that's not correct is to rely on an extra-textual consideration that wasn't in the statute. And so what the, I don't believe that's true in this instance, because Bostock says they're allowed to rely, it's reasonable to rely on the statute as it is written. And the only alternative interpretation isn't based on the plain language. It's based on an extra-textual consideration. And so we believe that it would be inherently reasonable, Your Honor. I see my time is up. Thank you, Your Honor. Mr. Copley, you've saved four minutes for rebuttal. Let's hear from Mr. Hacker. Thank you, Your Honors. Good morning, and may it please the Court, John Hacker for the FLE Westchester. It's long been settled, Your Honors, in Florida that all substantive issues arising from an insurance policy must be governed by the statutes in effect when the policy was issued. Yeah, I read this, and I read the statute, and it just doesn't look like it's substantive as to the policy itself. It's just about a statute of limitation, the tolling of it, and a condition precedent to it. And ordinarily, I would think the legislature's free to change the law about that before the filing of any suit, and it just applies prospectively to any suit that's filed after the enactment of the statute, which this was. Except with the— I don't think of that as a retroactive thing, you know, just to—I will cede that there appears to be some pretty funky case law in Florida, but just reading statutes, I mean, if I'm in the position of your opponent, I'd be hard-pressed to say that I'm not obliged to give the notice that the statute now requires, and to reasonably expect that I'm going to get the benefit of the tolling that the statute provides. So a couple of points. I'm sure your Honor is more familiar with and used to applying the federal principles of retroactivity from Landgraf and cases like that. Your Honor refers to a funky case law in Florida I would describe as very—I mean, it may be different in the sense of federal, but it's very clear, and it's not ambiguous, and it's widely known and understood with respect to insurance policies. It's expressed in Menendez, but it predates Menendez, which cites two other cases. So the principle's been around for decades, that with respect to insurance policies, substantive issues arising from the policies are governed by the statutes in effect when the policy was issued. It's not just statutes that say, here's this term and that term. It's substantive disputes, as in Menendez, as in the Hassan case that Menendez quotes. So you, as an insurance lawyer, when a dispute arises, you look at the statutes in effect when the policy was issued, unless it's clearly a procedural statute. And again, a lawyer would look to Menendez as prescribing the test for identifying whether or not a later enacted statute qualifies as either procedural or as a substantive statute that can't be applied to the policy. Menendez is very much like this case, but the law here, Your Honor, is actually more substantive than the law in Menendez. So help me, looking here at the statute, tell me if this is procedural or substantive in nature. The statute creates a new obligation for insurers. They must now have in place, essentially, a procedure to review the dispute of which they are noted. They have an obligation to investigate each claim and respond in writing within 10 business days. Procedural or substantive? I think those are substantive requirements that, you know, require an insurer to do something they weren't required to do before. You know, as private economic actors, they can adopt whatever policies, internal or otherwise, they can reach whatever contractual relationships they want. But this law says to them, whatever you've decided to do internally or in connection with your insured, here's what you have to do. You have to do something different than you might otherwise have done. That's clearly, to me, a substantive obligation of the state mandating particular action by a private economic actor. Statute goes on to say the insured must now file a notice of intent to sue and then wait at least 10 days and up to 24 days if the insurer invokes its right to re-inspect before filing suit. Procedural or substantive? Substantive in two respects, if I can. So the first one is, in Menendez, the court referred to that mandated delay as the crux of dispute and referred to it as substantive. Absent that state mandate, the insured can sue whenever the insured wants to sue. Now the state is saying, you can't exercise your right until you give that notice and wait 10 days. But it's not just standing around and waiting. It's the latter part of what Your Honor identified, which is the second substantive point, which is now the insurer, we're saying, as the state, this private entity has a right that didn't otherwise have, which is to re-inspect the property. That's what the 10-day waiting period is for. So the insurer can say, it's a mandated safe harbor for the insurer to avoid liability by saying, we're going to take advantage of this 10-day notice and we're going to re-inspect the property and make a determination that they hadn't already made. So that's clearly substantive, that it creates this right to re-inspect property that wouldn't otherwise exist. Let me ask you the question my colleague asked a little bit earlier. To the extent the case law goes two ways, would it be wiser for this court, which is eerie bound to follow the law of Florida as the Florida courts interpret it, to send the case to them and certify the question? So do you think that Menendez is sufficiently clear and on point and when you tie it to the nature and the language in the statute itself, that we can divine Florida law with sufficient clarity so that we can be confident we're doing justice to the Florida law as the Florida courts construe it? So our submission is, and we've mentioned this in our brief, we have no objection to the court certifying. I think that would not be inappropriate, shall I say. But as the court is aware, under eerie, if there are persuasive indications as to what the Florida Supreme Court do, you can make an eerie prediction about that. And we do think that Menendez is perfectly clear on its own terms. It says what it says. It holds what it holds. And there's no valid distinction between Menendez and this case. Indeed, for the reasons we just discussed in our colloquy, Your Honor, this statute, if anything, is even, imposes more changes in the substantive rights and obligations as between these two parties than the statute did in Menendez. So we think it's easy enough for this court to predict that the Florida Supreme Court will reinforce its own precedent in Menendez and not say, as the Cole and Cantons cases did, the principal distinction those cases draw, Your Honors, is that the statute is formatted differently. I mean, it's an indefensible view of how to distinguish Menendez because the fact that, and that's the problem that you hear this morning, the narrow focus in Cole and Cantons and by Venetia on just the notice provision. You can't separate out the notice provision, I think, for the reason I was just discussing with you, as its own sort of independent, minor, procedural, no big deal, you're just giving notice. The point of the notice provision is to trigger the insurer's substantive rights to do the kind of re-inspection that it otherwise wouldn't necessarily have the right to do, to give the insurer a safe harbor, those kind of substantive changes. And so the fact that they're listed in a separate, you know, the next subsection that they inserted Arabic numerals to separate out the provisions has nothing to do with the fact that it's an integrated scheme that imposes and changes the substantive rights and obligations in these multiple ways, again, even more so than in Menendez. So it's a long way of answering the question, which is I think if you look, and Hughes goes through all this, I think if you look at Hughes, then compare it to Cole and Cantons, you'll see that Hughes itself, I think, provides a much more persuasive indication of what the court will do. I call this funky case law, not with Landgraf in mind so much, but if you look at the Scalia and Garner treatise on how to interpret written laws, it says in the section on the presumption against retroactivity that what you ought to be looking at is the event being regulated. And it says specifically if it's the filing of suit and with respect to statutes of limitation, if suit hasn't been filed yet, then when the law changes, you know, you don't have a retroactivity problem. All I can do, Your Honor, is direct you to Menendez, which addresses that explicit question. And of course, Menendez is also an automobile insurance context with this PIP program, and does that make any difference? This is not the same kind of insurance at all. So two points on that. One is the court doesn't limit its analysis, I don't think, in any way. It talks about what is going on in the statute, how it changes the relationship. But if that weren't clear, it becomes clear the next term in Devon neighborhood where the court applied the Menendez analysis to an insurance policy, to a property insurance policy. And it applies exactly, you know, with respect, Your Honor, all I can say is Menendez raises that point, the exact point you just made, and addresses it and says that when a statute changes the substantive obligations of an insurance policy, it is changing the effects of an earlier transaction, because it's, you know, it's undoing what they agreed upon and redoing and imposing new obligations they didn't necessarily agree upon. That's what the Florida law has been for, you know, decades, again, predating Menendez. It's not just sort of an idiosyncratic decision, a unanimous decision, applying this settled principle. It adopts this two-part test that requires both that it be clearly expressed and that it not affect the substantive obligation. I think I've addressed the question of whether there's a substantive change, but even before you get to that, I think, or whether you get to it first or later, they have the problem that the legislature here did not clearly express the intent to apply it retroactively. Help me with the other issue. He says even if you're right about this, this is a case for the application of the doctrine of equitable tolling, and the district court should have allowed the case to proceed based on equitable tolling. It's plainly an extraordinary remedy in Florida as it is most everywhere else, and he plainly has to proceed with due diligence. Did he proceed diligently here? So not at all. And the key point... Tell me why not. The key point is at any point along the way, after the damage occurred, there was a statement of the payment was not going to be made, and I think in 2018, certainly at any point along there, for years and years, months, months, months, years, years, they could have filed suit. Nothing stopped them from filing suit ever. Nothing stopped them from filing suit the day they gave notice. They could have filed a lawsuit and given notice to the extent they weren't sure. When they read, I presume they read, the 11 district court opinions that were out there at the time that told them the statute would not be applied, could not be applied retroactively, if they had doubt about that, if they thought they were all wrong, they could have filed a lawsuit. There's absolutely no barrier to filing at any point, to filing earlier and doing the notice, providing for the notice provisions, but they didn't need to do that. The extraordinary remedy of equitable tolling absolutely requires a plaintiff to have done everything they can do. It does not relieve them of their own strategic choice to choose one path rather than the other one. Both were perfectly well available to them. I would just add a threshold point that we note in the brief, which is equitable tolling is such an extraordinary doctrine in Florida, it doesn't even apply outside the administrative proceeding context. It's not applied by courts. That's what the court in Morsani, a case decided by both parties here held, so the court in HCA Health held because the statute, the tolling statute, which is 95.051, provides for exclusive conditions for tolling. Nobody says that those conditions are satisfied here. That's why Florida courts in Morsani and HCA Health have said you don't apply it outside the context of administrative proceedings. In Morsani, the whole point, the whole question presented was whether equitable estoppel could be applied to avoid a limitations defense. The court's whole analysis was even though 95.051 is exclusive, you can apply estoppel because that's not tolling. Estoppel's okay, but tolling isn't. You can't apply it outside the administrative context, which is that Machulis case that I think counsel mentioned. There's that threshold problem, but even if you get to applying the extraordinary narrow exception, they don't have the diligence. They can't rely on the statute itself. That's their principal argument is they just read the statute and the legislature induced them into doing the wrong thing. The cases on administrative equitable tolling are about a state actor who says, come file in my office, that's that kind of inducement, not the statute itself. The statute itself, the question isn't, and there's a basic question-begging problem here, the question isn't does the statute say something about what to do? The question's whether it's retroactive. Right? And so- Unless if I read that statute, I'd read it the same way they did. But if you were an insurance lawyer in Florida, you would know that the first principle is I only apply statutes- Well, fair enough, but the law is perfectly clear that you apply the statutes that apply at the time of this policy was issued, you know, unless the statute, and you only apply a later enacted statute if the legislature clearly expressed an intent. And the word all, your honor, just doesn't get anywhere near enough because all of the cases, literally all of the cases that they cite that involve clear expression of intent are where the statute itself, or the legislation that enacts the statute, says something like this is retroactive, or it applies to transactions on such and such a date, and identifies the date. There's none of them are like this. In this case, as the Hughes case points out, all the statute is doing when it says it applies to all transactions, all suits, is describing the kinds of suits, not the timing. There's no clear expression of intent. It, therefore, is not intended to be retroactive, and even if it were, it could not constitutionally be applied that way. Thank you, Your Honor. Thank you for giving us four seconds, Mr. Copley. Thank you, Your Honor. It's just briefly a few points to touch on what opposing counsel had to say. First, he talks about Menendez and how this is an old and well-established rule. But you have to listen to the rule, right? Because the rule says that the insurance policy at the time of the statute controls if the statute changes substantive issues in the policy. So whether or not that rule applies begs the question of, is this a substantive rule that makes substantive changes? As we said before, this statute doesn't do that with the notice and tolling provision. It doesn't change when, whether, or how much an insurer has to pay. It doesn't change the terms. If you look at every case from the Florida Supreme Court that opposing counsel cited, Menendez, Devin, and Hassan, all of those involved a change to the terms of the policy itself. Nowhere has the Florida Supreme Court ever suggested that a notice and tolling provision like this, without any substantive change to the policy, would have an impermissible retroactive effect. Do you agree that it doesn't make a difference that Menendez involved the Florida no-fault vehicle law? I don't agree with that because the Florida Supreme Court specifically said it was significant to its analysis. The main thing they found substantive in that case was the extension of the insurer's time to pay. And they said that that went to the heart of the purpose of the statute, because the statute provided for an automatic payment in lieu of the common law right to... Opposing counsel said, though, that the same reasoning has been extended to the property insurance context. I don't see any evidence of that, Your Honor. I'm not sure what he's referring to. I'm not aware of that, Your Honor, but I have not seen anything even remotely analogous. And like I said, every case where the Florida Supreme Court has talked about a statute can't apply retroactively, that in the insurance context, that statute changed the terms of the policy. The second point, though, I would get to is there was a discussion of the changes to or the requirements that an insurer have a procedure for evaluating a claim when a notice is filed. And I'd like to point the court to two cases that I think are helpful in this in showing why that's just... That's not changing an obligation. That's simply specifying a procedure to fulfill that obligation. And the first case that I would point to is the Petronas case out of the first DCA. And in that case, that involved a similar case where there was something called the master death list maintained by the Social Security Administration. And insurance companies were using that list for turning off payments under annuities, but were not using that list to determine whether or not they owed life insurance proceeds. The legislature changes the statute requiring them to use the list for both purposes. The question was, is requiring them to have a procedure to fulfill their obligation to pay the policies, was that a procedure or a substantive? And the first DCA found that to be procedural. And it's the same sort of thing where you're not changing the obligation, you're just specifying a procedure for its fulfillment. The other case I'd point to is this court's decision in Bernholtz v. 44 Wall Street. That also involved a procedure. There was a statute that changed the procedure for registering a security or for noting in Florida the registration of a security with the SEC so that you didn't have to do the full registration at the state level. And a law changed that to say you've got to redo the filing every three years and pay a $750 fee. And the court held that that procedure, again, could be applied retroactively. So you're dealing with similar sort of things where you're not changing the obligation, you're simply specifying a mechanism for fulfilling it. The other thing I point out is that the provisions on the other provisions of the statute, other than notice and tolling, again, you know, they rely on this language. There's one sentence in Menendez's All That It Is where it says, you know, viewing the statute as a whole. But, Your Honors, if you look at the provision there, the Florida Supreme Court could not consider as applied or severability because the notice provision specifically incorporated the—sorry, Your Honor, did you have a question? No, I have a point. Your time has expired. Thank you, Your Honor. I appreciate your consideration of my client's clause. Thank you, Mr. Copley. We're going to be in recess until tomorrow.